# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**CHARLES EMANUEL RASH,**

    **Petitioner,**

v.                                                           **Civil Action No. 3:05cv127**
                                                             **Criminal Action No. 3:01cr25(1)**
                                                             **(Judge Stamp)**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## REPORT AND RECOMMENDATION

On November 8, 2005, *pro se* petitioner, Charles Emanuel Rash, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 in the United States District Court for the District of Maryland. The Maryland court determined that petitioner's § 2241 petition was actually a challenge to the validity of his federal sentence, and therefore, construed the petition as a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. Because petitioners' judgment of conviction was entered in this Court, the motion was transferred here on November 17, 2005.

On March 30, 2006, the undersigned conducted a preliminary review of petitioners' § 2255 motion and determined that the motion appeared untimely. Accordingly, the Court issued a notice pursuant to Hill v. Braxton, 277 F.3d 701,707 (4th Cir. 2002), advising petitioner that his motion would be recommended for dismissal absent a sufficient explanation. On April 3, 2006, the United States filed a motion to dismiss petitioners' § 2255 motion as untimely. After the granting of an extension of time, petitioner filed a response to the Court's Hill v. Braxton Notice on November 13, 2006. Petitioner also filed a supplemental response that same day.

## I. One-Year Time Limitation

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. The limitation period shall run from the latest of the following:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

The AEDPA statute of limitations is subject to equitable modifications such as tolling. Harris v. Hutchinson, 209 F.3d 325, 328-29 (4th Cir. 2000). However, "[e]quitable tolling is available only in 'those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result.' Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must present '(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.'" United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004)(internal citations omitted).

## II. Analysis

Petitioner was sentenced on July 9, 2002. Petitioner filed a direct appeal of his conviction

and sentence on July 22, 2002. Petitioners' direct appeal was dismissed on July 10, 2003. Because petitioner did not file a petition for writ of certiorari with the United States Supreme Court, his judgment of conviction became final when the time for seeking such review expired, or on October 9, 2003. Clay v. United States, 537 U.S. 522 (2003). Accordingly, under AEDPA, petitioner had until October 9, 2004, to timely file a § 2255 motion.[1] Thus, the instant motion, originally filed in the United States District Court for the District of Maryland on November 8, 2005, is clearly untimely,[2] and should be dismissed unless petitioner can show that he is entitled to equitable tolling.

In his response to the Court's Hill v. Braxton Order, petitioner does not dispute that his § 2255 motion is untimely. Instead, petitioner argues that he should be allowed to proceed under § 2255 pursuant to the principles of equitable tolling. In support of this claim, petitioner first argues that he never received notice from the Fourth Circuit Court of Appeals that his appeal had been dismissed. Second, Petitioner asserts that his appellate counsel never sent him any letters or other materials advising him that his appeal had been dismissed. Third, petitioner asserts that on July 16, 2003, he wrote a letter to the district court requesting copies of various records including his sentencing transcripts. Petitioner received those documents. Petitioner also requested and obtained a copy of his docket sheet from the Clerk of Court on an undisclosed date because he had not heard anything in his case. Petitioner also wrote to the Fourth Circuit requesting the status of his appeal and was informed that his appeal had been dismissed. Petitioner alleges that he received that response on March 10, 2005. Petitioner then asserts that he inquired with both the district and circuit courts regarding the lack of notification upon the dismissal of his appeal. Petitioner alleges

---

[1] The year 2004 was a leap year.

[2] For purposes of this Order, the Court has given the *pro se* petitioner the advantage of every possible or potential time extension.

that both courts advised him to contact his appellate counsel.

Based on these alleged facts, petitioner asserts that he could not have timely filed his § 2255 motion because he did not know that his direct appeal had been dismissed until March 10, 2005, approximately five months after his one-year limitation period had run under § 2255. During the time between the filing of his appeal and notification of its dismissal, petitioner asserts that he assumed his appeal was still pending. Petitioner further asserts that his § 2255 motion has merit and is not frivolous. Petitioner asserts that the circumstances in this case are extraordinary, in that he had no knowledge that his appeal had been dismissed and further, that any orders sent to him during this time may have been lost due to the fact that he was transferred between institutions. Therefore, Petitioner asserts that he should be allowed to proceed.

Assuming that petitioner did not receive a copy of the dismissal of his appeal, it is abundantly clear that if petitioner had simply made a timely inquiry with the Clerk of Court at either the district or circuit court, he would have known his appeal had been dismissed and could have timely filed his § 2255 motion. Instead, petitioner chose to "assume" that his appeal was still pending, even though he had not heard anything from the Court in more than two years. Petitioner admits that whenever he requested documents or information about the status of his case from the Clerk, he was given the requested information. It was not outside of Petitioner's abilities to obtain the status of his appeal, even if he did not receive proper notification from either the Court or his counsel.

Accordingly, the undersigned is of the opinion that petitioner has failed to meet the requirements for equitable tolling. Petitioner has not shown that extraordinary circumstances existed that were beyond his own conduct or control that prevented him from timely filing his § 2255

4

petition. Rather, the undersigned is of the opinion that petitioner was simply not diligent in his efforts to pursue appellate and collateral relief. Therefore, it is not unconscionable to enforce the limitation period against petitioner and he should not be entitled to equitable tolling.

### III. Recommendation

For the foregoing reasons, the undersigned recommends that the United States' Motion to Dismiss (dckt. 554) be GRANTED and that petitioner's § 2255 motion be **DENIED** and **DISMISSED with prejudice** as untimely.

Within ten (10) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court written objections identifying those portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections shall also be submitted to the Honorable Frederick P. Stamp, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to provide a copy of this Report and Recommendation to the *pro se* petitioner.

DATED: March 9, 2007.

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE